# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-156 V
July 1, 2013
Not for Publication

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ELIZABETH HOLLAND,       *

                      *

         Petitioner,      *       Damages Decision Based on Proffer

                      *

    v.                     *

                      *

SECRETARY OF THE DEPARTMENT OF      *
HEALTH AND HUMAN SERVICES,      *

                      *

         Respondent.     *

                      *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, New York, NY, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On July 1, 2013, respondent filed a Proffer on Award of Compensation.   Based on the record as a whole, the special master finds that petitioner is entitled to the award as stated in the Proffer.   Pursuant to the terms stated in the attached Proffer, the court awards petitioner a lump sum payment of **$151, 832.96** representing compensation for pain and suffering ($150,000.00) and past unreimbursable expenses ($1,832.96), made payable to Elizabeth Holland, petitioner.

The telephonic status conference set for Tuesday, July 2, 2013 is **cancelled**.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).   Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 1, 2013                                                s/Laura D. Millman
                                                                   Laura D. Millman
                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                        )
ELIZABETH HOLLAND,                          )
                                                        )
                        Petitioner,                )
                                                        )          **No. 13-156V**
v.                                                       )          **Special Master Millman**
                                                        )          **ECF**
SECRETARY OF HEALTH AND             )
HUMAN SERVICES,                             )
                                                        )
                        Respondent.              )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.  Items of Compensation

A.  Pain and Suffering

Respondent proffers that Elizabeth Holland should be awarded $150,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,832.96.  Petitioner agrees.

### II.  Form of the Award

The parties recommend that the compensation provided to Elizabeth Holland should be made through a lump sum payment of $151,832.96, representing compensation for pain and suffering, and past unreimbursable expenses, payable to Elizabeth Holland, petitioner.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division


/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138


Dated:   July 1, 2013